(Reap. Dec. 10227)

NEW YORK MERCHANDISE CO., INC., ET AL. v. UNITED STATES

Entry No. DE–32669, etc.

(Decided April 23, 1962)

Stein & Shostak for the plaintiffs.
William H. Orrick, Jr., Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, that the

merchandise covered by the appeals for reappraisement enumerated on the attached Schedule, attached hereto and made a part hereof, consists of wooden and bamboo blinds, shutters, etc., manufactured by Hasegawa Blind Factory or by Toyo Mokko K.K. and Hamazaki Chikuzai K.K. and exported from Japan.

That all the merchandise covered by the appeals for reappraisement except the merchandise covered by D.E. 21985 and D.E. 37186 the subject of R59/92–17796 was entered subsequent to February 27, 1958.

IT IS FURTHER STIPULATED AND AGREED that the merchandise the subject of the appeals for reappraisement enumerated in the attached Schedule is not included on the list of articles designated by the Secretary of the Treasury in T.D. 54521, as provided for in Section 6(a) of the Customs Simplification Act of 1956, Public Law 927, 84th Congress, required to be valued in accordance with Section 402(a) of the Tariff Act of 1930 as amended.

IT IS FURTHER STIPULATED AND AGREED that at the time of exportation of the instant merchandise to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for export to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, net packed, and that with respect to the merchandise covered by Reappraisement R59/92–17796, imported prior to February 28, 1958, there were no higher foreign values for such or similar merchandise at the time of exportation.

IT IS FURTHER STIPULATED AND AGREED that these appeals for reappraisement may be deemed submitted for decision on this stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question, as hereinabove identified, is statutory export value and that such value therefor is the invoice unit values, net, packed.

Judgment will be rendered accordingly.